IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AZIZ A. TOKH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06 C 0489 |
| ) | |
| WATER TOWER COURT ) | |
| HOMEOWNERS ASSOCIATION, ) | |
| CAROL MARIN, President, JUDITH ) | |
| HOFER, Treasurer, MARY KARACSON, ) | |
| Secretary, CONDOMINIUM ) | |
| MANAGEMENT SERVICES COMPANY, ) | |
| SEAN DOHERTY, Agent, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Pro se Plaintiff Aziz A. Tokh brings the present action against Defendants Water Tower Court Homeowners Association ("WTCHOA") and certain members of WTCHOA's Board of Directors, Carol Marin, Judith Hofer, and Mary Karacson, along with Condominium Management Services Company ("CMS") and Sean Doherty of CMS under Title VIII of the Civil Rights Act of 1968, 42 U.S.C. §§ 3601-3619, commonly known as the Fair Housing Act. Before the Court is Defendants' Motion to Dismiss Tokh's pro se Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Also before the Court is Plaintiff's Motion to Disqualify Defendants' Counsel. For the reasons discussed below, the Court grants in part and denies in part Defendants' motion and denies Plaintiff's motion. Further, the Court grants Plaintiff leave to file an amended complaint.

## LEGAL STANDARDS

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of a complaint, not the factual sufficiency. *Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672, 675-76 (7th Cir. 2001); *see also Cler v. Illinois Educ. Ass'n,* 423 F.3d 726, 729 (7th Cir. 2005) (motion to dismiss challenges complaint's sufficiency). The Court will only grant a motion to dismiss if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Centers v. Mortgage, Inc.*, 398 F.3d 930, 933 (7th Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed.2d 80 (1957)). The Court must assume the truth of the facts alleged in the pleadings, construe the allegations liberally, and view them in the light most favorable to the plaintiff. *Centers,* 398 F.3d at 333.

Because Tokh is proceeding pro se, the Court liberally construes his Complaint. *See Marshall v. Knight,* 445 F.3d 965, 969 (7th Cir. 2006). A plaintiff, however, can plead himself out of court by alleging facts which show that he has no claim. *Doe v. Smith,* 429 F.3d 706, 708 (7th Cir. 2005).

## BACKGROUND

Tokh first alleges that Defendants violated the Fair Housing Act by refusing to make reasonable accommodations "in the rules, policies, practices, or services" for a disabled person's use of his housing unit. (R. 1-1, Compl. ¶ B6.) Specifically, Tokh alleges that he made modifications to his housing unit that involved creating an accessible route for Tokh's elderly visitors who are mobility impaired and that thereafter the Board violated his rights by fining him for the modifications he made. (*Id.* ¶¶ B3, B4, B5.)

Next, Tokh alleges that Defendants violated the Act because they intentionally

discriminated against him based on his race, national original, and religion. (*Id.* ¶¶ B1, C7.) Tokh specifically alleges that there has been a pattern of coercion and intimidation by Defendants to remove him from the Board of Directors of WTCHOA and the community as a homeowner. (*Id.* ¶ C1.)

## ANALYSIS

**I.    Motion to Dismiss**

    **A.    Reasonable Accommodation**

The Act requires public entities "to reasonably accommodate a disabled person by making changes in rules, policies, practices or services as is necessary to provide that person with access to housing that is equal to that of those who are not disabled." *Good Shepherd Manor Found., Inc. v. Momence*, 323 F.3d 557, 561 (7th Cir. 2003). Specifically, Section 3404(f)(3)(A) of the Act makes it unlawful to refuse "to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises."

Tokh's reasonable accommodation claim fails because he does not allege that he is disabled or that anyone living in his housing unit is disabled. *See Good Shepherd*, 323 F.3d at 561. Instead, he alleges that he made modifications to his property for his elderly, handicapped visitors. (R. 1-1, Compl. ¶¶ B3, B4.) Tokh's allegation that he made the modifications for visitors is a binding admission, *see Gutierrez v. Peters,* 111 F.3d 1364, 1374 (7th Cir. 1997), that vitiates his reasonable accommodation claim. Accordingly, Tokh has alleged facts that defeat his reasonable accommodation claim. *See Doe v. Smith,* 429 F.3d at 708. The Court therefore grants Defendants' motion to dismiss as to Tokh's reasonable accommodation claim.

B.       **Intentional Discrimination**

Tokh also alleges that Defendants coerced and intimidated him based on his race, national origin, and religion. *See* 42 U.S.C. § 3617. The Department of Housing and Urban Development has issued a regulation in conjunction with 42 U.S.C. § 3617 that forbids "threatening, intimidating or interfering with persons in their enjoyment of a dwelling because of the race, color, religion, sex, handicap, familial status, or national origin of such persons, or of visitors or associates of such persons." *See Halprin v. Prairie Single Family Homes of Dearborn Park Ass'n,* 388 F.3d 327, 329 (7th Cir. 2004) (quoting 24 C.F.R. § 100.400(c)(2))*; see also East-Miller v. Lake County Highway Dep't,* 421 F.3d 558, 562 (7th Cir. 2005). The elements of a case of discrimination under Section 3717 for the interference with the "enjoyment of a dwelling" are: (1) plaintiff is a protected individual under the Act; (2) plaintiff was engaged in the exercise or enjoyment of his fair housing rights; (3) defendant was motivated by an intent to discriminate; and (4) defendant coerced, threatened, intimidated, or interfered with the plaintiff on account of his protected activity. *See East-Miller,* 421 F.3d at 563.

In his Complaint, Tokh alleges that Defendants intentionally discriminated against him based on his race, religion, and national origin when they coerced and intimidating him by filing lawsuits, assessing fines, and suspending his right to vote as a board member in an effort to remove him from the Board of Directors and the community as a homeowner. (R. 1-1, Compl. ¶¶ B1, B9, C1, C7.) Under the liberal federal notice pleading standards, Tokh has sufficiently pleaded a claim of intentional discrimination under the Act, putting Defendants on notice of his claim. *See* Fed.R.Civ.P. 8(a)(2) (complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Conley,* 355 U.S. at 47 (short and plain statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds

upon which it rests").

Therefore, the Court denies Defendants' Motion to Dismiss Tokh's intentional discrimination claim under 42 U.S.C. § 3617 and grants Tokh leave to amend his Complaint to describe his race, national origin, and religion.

**C.      Individual Capacity Claims**

Next, the individual board members contend that Plaintiff does not assert allegations against them acting in their individual capacities, and thus the Court should dismiss them from this action. In other words, the individual board members contend that with regard to Tokh's claims, they were acting in their official capacity as board members of WTCHOA. Here, Tokh has alleged that Defendants have threatened, coerced, intimidated, and interfered with his housing rights under the Act by threatening him with lawsuits, assessing fines, and suspending his right to vote as a board member and a homeowner. (R. 1-1, Compl. ¶ B9, C1.) Tokh, however, never indicates what the individual board members did. For example, did Marin, Hofer, and Karacson assess fines against him or was it the homeowners' association as an organization that did so? Without more, the individual defendants are not put on notice of whether they must individually defend this lawsuit or if Tokh is only challenging the homeowners association's actions. *See Conley,* 355 U.S. at 47. As such, the Court grants the Defendants' motion without prejudice and dismisses Marin, Hofer, and Karacson from this action in their individual capacities. If Tokh is challenging the individual board member's actions, he may add such allegations when he amends his Complaint.

Also, Defendants contend that the Court should dismiss Sean Doherty, who was a disclosed agent of WTCHOA, because he cannot be personally liable for torts committed by his principal. Indeed, an action brought under the Fair Housing Act to compensate a victim of

housing discrimination is a tort action and common law tort principles apply. *See Meyer v. Holley*, 537 U.S. 280, 284-85, 123 S.Ct. 824, 154 L.Ed.2d 753 (2003). Tokh, however, has alleged that Doherty sent letters to intimidate him and did not forward his comments to the Board of Directors to be included in the Board Record. (R. 1-1, Compl. ¶ B13.) Viewing the allegations in favor of Tokh – as the Court is required to do at this procedural posture – he has sufficiently alleged that Doherty acted outside of his capacity as WTCHOA's agent, namely, that Doherty directly participated in the constitutional tort. The Court therefore denies Defendants' request to dismiss Doherty from this action.

## II.     Motion to Disqualify Counsel

Next, Plaintiff moves the Court to disqualify Defendants' counsel, specifically the law firm of Tressler, Soderstrom, Maloney, and Priess (TSMP), because Tokh is a member of the homeowners' association and the homeowners' association is TSMP's client. In other words, Tokh contends that by virtue of his membership in the homeowner's association, TSMP is his law firm.

Disqualification of counsel, "as a prophylactic device for protecting the attorney-client relationship, is a drastic measure which courts should hesitate to impose except when absolutely necessary. A disqualification of counsel, while protecting the attorney-client relationship, also serves to destroy a relationship by depriving a party of representation of their own choosing." *Freeman v. Chicago Musical Instrument Co.,* 689 F.2d 715, 721-22 (7th Cir. 1982). The professional rules of conduct – as embodied in the local rules of the federal district court – govern motions to disqualify counsel. *See, e.g., Andrew Corp. v. Beverly Mfg. Co.,* 415 F.Supp.2d 919, 923 (N.D. Ill. 2006)*; Coburn v. Daimler Chrysler Servs. N. Am.,* 289 F.Supp.2d 960, 965 (N.D. Ill. 2003). Northern District of Illinois Local Rules 83.51.7 through 83.51.10 set

forth this district court's conflict of interest rules which are patterned after the ABA Model Rules. *Andrew Corp.,* 415 F.Supp.2d at 923. The conflict of interest rule that pertains to organizational clients is Local Rule 83.51.13(a), which states that a "lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents." Although an organization's lawyer may also represent any of the organization's directors, officers, employees, members, shareholders, or other constituents with consent of the organization, the lawyer's client is the organization itself and not the organization's members. *See* Local Rule 85.51.13(e); Restatement (Third) of Law Governing Lawyers § 96, cmt. b (2000); *see also Cole v. Ruidoso Mun. Schs.,* 43 F.3d 1373, 1385 (10th Cir. 1994) (constituents of organizational client not clients of organization's attorneys).

Here, Tokh's membership in the homeowners' association does not automatically make the association's law firm, TSMP, his law firm. Moreover, there is no indication from the parties' allegations that TSMP is representing Tokh or that WTCHOA consented to TSMP having dual representation of WTCHOA and Tokh. In fact, Tokh is representing himself pro se, so it appears that he has not retained any counsel. Accordingly, this argument fails.

Tokh also argues that because he intends to call attorney David J. Freeman as a witness at trial, Freeman must be disqualified. Local Rule 83.53.7, entitled "lawyer as witness," provides that if "a lawyer knows or reasonably should know that the lawyer may be called as a witness other than on behalf of the client, the lawyer may act as an advocate in a trial or evidentiary proceeding unless the lawyer knows or reasonably should know that the lawyer's testimony is or may be prejudicial to the client." Under the "lawyer as witness rule," the moving party must demonstrate that the attorney's testimony is essential and prejudicial. *See Bogosian v. Board of Educ. of Cmty. Unit Sch. Dist. 200,* 95 F.Supp.2d 874, 876 (N.D. Ill. 2000); *see also Weil,*

*Freiburg & Thomas,P.C. v. Sara Lee Corp.,* 218 Ill. App.3d 383, 396, 160 Ill. Dec. 773, 577 N.E.2d 1344 (Ill. App. Ct. 1991) (court should grant motion to disqualify only when attorney's testimony is likely to prejudice the testifying attorney's own client).

It is unclear from Tokh's allegations what the subject of Freeman's testimony will be and whether other witnesses would be able to testify to such matters. Therefore, the Court cannot assess whether Freeman's testimony is essential. Further, Tokh does not explain how Freeman's testimony would be prejudicial. As such, the Court denies Tokh's motion to disqualify Freeman at this time.[1]

### III.   Punitive Damages

Finally, as part of his Motion to Disqualify, Tokh moves this Court to add punitive damages to the relief he is seeking. In fair housing actions, punitive damages are available to deter and punish outrageous conduct. *City of Chicago v. Matchmaker Real Estate Sales Ctr., Inc.,* 982 F.2d 1086, 1099 (7th Cir. 1992). "Punitive damages are appropriate when defendants act wantonly and willfully or are motivated in their actions by ill will, malice, or a desire to injure the plaintiffs." *Id.*; *Tyus v. Urban Search Mgmt.,* 102 F.3d 256, 266 (7th Cir. 1996) (punitive damages allowed when defendant in reckless disregard for plaintiff's rights or for intentional violations of federal law).

Nevertheless, the proper procedure for Tokh to add punitive damages is to amend his Complaint pursuant to Federal Rule of Civil Procedure 15(a). The Court thus grants Tokh leave

---

[1] In his reply brief, Tokh also argues that because he is seeking disgorgement of legal fees under 760 ILCS 5/4.09, a conflict of interest exists. In general, arguments raised for the first time in a reply brief are waived. *See Kelso v. Bayer Corp.,* 398 F.3d 640, 643 (7th Cir. 2005). Nonetheless, Tokh's argument relies on his assertion that TSMP is his law firm, and thus this argument is also without merit.

to amend his Complaint to add punitive damages.

## CONCLUSION

For the reasons discussed above, the Court grants in part and denies in part Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and denies Plaintiff's Motion to Disqualify Defendants' Counsel.

Dated: June 12, 2006

                            **ENTERED:**

                            _____
                            **AMY J. ST. EVE**
                            **United States District Court Judge**