FILED
APR 17 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

United States District Court
Northern District of Illinois
Eastern Division

| | | |
|---|---|---|
| Aziz A. Tokh, | ) | |
|     Plaintiff, | ) | Case No. 06C0489 |
| V. | ) | |
| **WTCHOA** | ) | |
|   Carol Marin, President | ) | Judge: Hon. Amy St. Eve |
|   Judith Hofer, Treasurer | ) | |
|   Mary Karacson, Director | ) | |
| | ) | Magistrate: Hon. Judge Keys |
| **CMS Company** | ) | |
|   Sean Doherty, Agent | ) | |
|     Defendants. | ) | |

## Motion for Judgment under FRCP- Rule 50

### A. Introduction

The purpose of this Motion for judgment under FRCP- Rule 50 is to request this Honorable Court to issue judgment on pleadings, based as follows:

1. This Case is immensely one-sided in favor of the plaintiff allowing this Honorable Court to freely grant a "judgment as a matter of law".

2. The Court has already acknowledged that Plaintiff Complaint is entitled for relief under Title VIII of the Civil Rights Act of 1968, 42 U. S. C. sections 3601- 3619, commonly known as the Fair Housing Act.

3. In all the Court filings to-date Defendants have either admitted or have not responded to the Listing of Violations, enumerated in the Complaint, giving rise to assertion of intentional discrimination claim against the Defendants.

4. There is no "genuine issue of material fact" that this Court cannot reveal through discovery or production of evidence, in order to support the claims for Violations asserted in the Complaint.

5. Defendants have not produced any listings of claims, in this Court, disputing the factual issues to be illusory that need be determined by a jury. All asserted claims can readily be verified through production of evidence.

1

## B. Defendants lack standing to represent WTCHOA

Defendants, Marin, Hofer, Karacson and Doherty lack standing to represent WTCHOA, based on Declaration and By-Laws, before the Court in a bench or a jury trial.

1. Plaintiff asserts that the current Board of Directors does not have the required Number of legally elected Board members, as required per Declaration and By-Laws, to qualify as "Duly Authorized Constituents" of the Homeowners Association.

2. Defendants cannot form a Quorum to conduct business on behalf of the Association. See By-Laws Article IV, Section 1. Number.

3. Quorum for the Board of Directors is a majority of the Number of Directors (six Directors) which translates to a minimum four (4) Directors, in order to form a Quorum at any Board meetings. See By-Laws Article VI, Section 3. Quorum.

4. There are no four (4) properly elected individuals in the Board of Directors of WTCHOA in order to conduct business and represent the Association in a bench trial, jury trial, file motions, file counter-complaint, appoint defense attorneys and pay reasonable compensation to attorneys in accordance with the requirements of Fiduciary Statutes, 760 ILCS 5/ 4.09.

5. Defendants, Marin, Hofer, Karacson and Doherty have appointed TSMP as Defense Attorneys and have paid in excess of $75,000 in Attorney fees without having authorization to conduct business on behalf of the Association.

6. Defendants, Marin, Hofer, Karacson and Doherty have filed a Counter-Complaint against Plaintiff contrary to the requirements of the Declaration and without having standing to file such a Complaint in Court. Defendants are not "duly authorized constituents" of the Association under the law as per Local Rule 83.51.13(a).

7. Defendants, Marin, Hofer, Karacson and Doherty have not received WTCHOA's consent in accordance with the LR 83.51.13(e), relating to the Individual Capacity Defense provided to them by Counsel. Local Rule 83.51.13(e) states "the consent shall be given by an appropriate official of the organization other than the individual who is to be represented, or by the shareholders".

8. Defendants are well aware of the fact that the Association business cannot be conducted without a Quorum. Defendants appointed Mr. Bill Eisler on February 21, 2006 to the Board of Directors. Also, on August 21, 2007 another homeowner Christine Baran was appointed by the Defendants to fill a vacant Board Position. Appointing Board members, at well and without a Quorum, in order to achieve a Quorum is not allowed under the Declaration of the Association. In the meantime Plaintiff, who is a legally elected Board member, was eliminated from the Board process by the Defendants.

9. Therefore, all the actions taken by the Defendants can only be in <u>their individual capacities</u>. Defendants, Marin, Hofer, Karacson and Doherty do not qualify to be considered "duly authorized constituents" of the organization under the law.

### C. Defendants' Counsel, TSMP and Lara Anderson lack standing

Defendants' Counsel, TSMP and Lara Anderson do not have standing to represent the Association in this Court or bring any type of an action on behalf of the Association in a bench or a jury trial.

1. Illinois Fiduciary Statutes, 760 ILCS 5/4.09, under Powers of Trustee, places the responsibility to appoint attorneys and pay reasonable compensation to such appointees to the Board of Directors of the Association. Board of Directors has not appointed TSMP or Attorney Anderson to represent the Organization.

2. Local Rule 83.51.13(a) states "A lawyer employed or retained by an organization represents the organization acting through its <u>duly authorized constituents</u>". TSMP and Attorney Anderson cannot be representing the Association and have not been appointed by a "duly authorized constituents".

3. There is no record supporting the appointment of TSMP or Lara Anderson by the previous Board of Directors or any other "duly authorized constituents" of the Homeowners Association.

4. Also, there is no record supporting the payment of fees, approved by the Board of Directors that TSMP has received from the Association. Therefore, the fees that TSMP has received are in violation of 760 ILCS 5/ 4.09.

5. Attorney Anderson is the Organization Attorney, based on Local Rule 83.51.13(a). Counsel has an affirmative obligation to conduct a due diligence and advise the Board of Directors as to the Board's authority and standing to represent the Association in Court or to conduct business on behalf of the Association.

6. Local Rule 83.51.13(b) clearly requires the lawyer to take appropriate action in a matter related to the representation that is a violation of a legal obligation to the organization, or a violation of law which reasonably might be imputed to the organization, and is likely to result in substantial injury to the organization.

7. TSMP and Attorney Anderson have not taken any measures relating to LR 83.51.13(b); (1) asking reconsideration of the matter; (2) advising that a separate legal opinion on the matter be sought for presentation to the appropriate authority in the Organization; and (3) referring the matter to the higher authority in the Organization, including, if warranted by the seriousness of the matter, referral to the highest authority that can act in behalf of the Organization as determined by applicable law.

8. It is obvious that Counsel has not advised Defendants to their (1) responsibilities and obligations related to Declaration, (2) if the Defendants' actions are in violation of law which reasonably might be imputed to the Organization, and (3) the substantial injury that is likely to result to the organization.

9. Attorney Anderson has filed a Counter- Complaint in this Court against Aziz Tokh who is a legally elected member of the Board of Directors of the Association. The Counter- Complaint is in Violation of the 1990 Case of Milazo v. Golf Insurance Company.

10. 1990 Case of Milazo v. Golf Insurance Company, the court has ruled, "An individual Director lacks authority to take action on behalf of the corporation without the consent of the board". Therefore, the filing of the Counter- Complaint by Attorney Anderson is a violation of a case law. Also, Defendants lack authority to take action on behalf of the Corporation, as Defendants cannot be "duly authorized constituents".

11. Counsel is responsible for not informing Defendants of their inability to assess fines and sanctions, inability to proceed in this Court with a trial, inability to file motions and/ or a Counter-Complaint, inability to appoint counsel and inability to pay legal fees, from the Association funds, without authority and standing.

## D. Conclusion

It is obvious that this Case cannot go to a bench or jury trial in this Court, unless Defendants choose to proceed in Court in their Individual Capacities.

1. Carol Marin, Judith Hofer, Mary Karacson and Sean Doherty do not have authorization within the law and per Declaration to conduct business on behalf of the Association as they are unable to form a Quorum. Therefore, Defendants cannot be "duly authorized constituents" for the Association as per Local Rule 83.51.13(a).

2. Defendants' Counsel, TSMP and Lara Anderson cannot represent the Organization as the Counsel has not been appointed nor the compensation Counsel has received been approved by a "duly authorized constituent" per Local Rule 83.51.13(a).

3. Therefore, the only action that this Court can take in this Case is to grant a "judgment as a matter of law", based on pleadings before the Court and the evidence that can support the claims.

## E. Relief

1. Wherefore, Plaintiff Aziz A. Tokh moves this Honorable Court to grant a "judgment as a matter of law", under FRCP- Rule 50 for the entirety of the Relief Requested, in the Second Amended Complaint, against WTCHOA, Marin, Hofer, Doherty and the CMS Company.

4

2. Plaintiff recently received a notice, from the Association indicating that Defendant, Mary Karacson, passed away recently.

3. Plaintiff's expectation is that this Court will rightfully assign any liabilities, arising out of this action, to the remaining Defendants or as it may be allowed under the law.

Respectfully submitted,

Aziz A. Tokh, pro se

REFERENCE:
Plaintiff's Response to Motion for Summary Judgment
Affidavit of Aziz Tokh


Aziz A. Tokh
8610 Pearson Drive
Darien, Illinois 60561
312/ 322- 6622